LYNCH v. THE STATE OF GEORGIA.

1. Conviction of burglary was in accordance with law and evidence.
2. Newly discovered testimony is not cause for a new trial where dili-
gence to procure it before was clearly wanting.
March 31, 1890.

Burglary. Criminal law. Verdict. Evidence. Prac-
tice. Before Judge HARRIS. Carroll superior court.
April term, 1889.

Indictment for burglary. The testimony for the State
tended to show that, about the time (September 1, 1888)
and in the county charged, between Saturday night and
Monday morning, the storehouse of Brown & Bro. was
burglariously entered by means of boring holes, raising

latch, and thus opening a window. Some cologne, harps and knives were taken. A bottle of cologne was brought back by Joe Sims, but the witness did not know from whom Sims got it. Ben Reid and defendant had been staying around the store, and sometime before the breaking had been ordered out several times. Other drug-stores sell knives, harps and cologne like those in question. Reid was arrested and put in jail; and in a few days one Skipper arrested defendant at Tallapoosa. Skipper had a harp, bottle and knife which defendant said Skipper took out of his pocket. After Reid and defendant were placed in jail, one Hewitt asked them if any one else was connected with them; and they said one Williams went in with them, that they got a brace and bit about 300 yards from the court-house, and that the bit was under a certain house about 75 yards from the court-house. Skipper went under the house and got it. Reid had a new knife when arrested, and defendant had an old one. Hewitt found nothing in defendant's possession, but got the things from Skipper. One of the knives Hewitt had was recognized as coming out of the store broken, the other not; and a witness also recognized some harps which Hewitt showed him which were like those lost, and which he testified Hewitt got when he arrested the negroes. In the talk with Hewitt in the jail, Reid told more than defendant. Hewitt did not agree to turn them out if they would confess. One Brown testified that Reid and defendant told him that they were on the court-house square somewhere, and Williams came up to them, said something about wanting to know if they did not want to get some money, went off and got brace and bit, came back and went to boring through the door, took something and prized the window, put his fingers in and gave it a quick jerk, then raised the window, went in and came out after awhile with some bottles, knives and harps, and they carried the brace

and bit and put in under the house where it was found. Witness could not say whether defendant did any talking or not. There was testimony tending to show that defendant was 13 or 14 years old; that Reid was a boy of good intelligence and smarter than defendant; that defendant had been examined as to his competency as a witness at the November term, 1888, of the city court, seemed to be intelligent and said he was between 13 and 14, the only way he knew his age being by what his father said. His father testified, on the present trial, that he was only 10 or 11 years old. There was testimony tending to show that the defendant was in Tallapoosa at the time the crime was committed. Reid testified that he and defendant confessed because Hewitt said he would turn them loose if they would bring Williams into it, and that defendant had no conversation with Brown. Williams testified that he saw defendant in Tallapoosa three or four times; thinks he saw him there on the 16th of September; saw him buy a harp in Tallapoosa in September. Tallapoosa is about 20 miles from Carrollton, where the burglary was committed, and trains run from the one to the other place. A witness testified that he had known defendant six or seven years, and his recollection was that he was ten or eleven years old. Defendant said that Skipper arrested him in Tallapoosa, and told him about this matter; that he told Skipper he (defendant) did not know anything about it, and Skipper told him it would be best to tell it and bring Williams into it, and he would get out; that he (defendant) was in Tallapoosa at the time of the burglary; is ten years old; bought the harp at a store in Tallapoosa, and gave 40 cents for a bottle of cologne. The jury found him guilty; and he moved for a new trial on the grounds that the verdict was contrary to law and evidence, and because of newly discovered testimony of Sallie Elder, that she is well acquainted

with defendant, and on the 1st, 2d and 3d days of September, 1888, he was at her house in Tallapoosa, stayed there at night and could not have been in Carrollton on either of said days.   Defendant made affidavit that he was ignorant of these facts at the time of the trial, and that he used diligence to discover evidence and prepare for trial; and his counsel made affidavit that they believed these facts to be true, were ignorant of them until after the trial, were diligent in their efforts to obtain testimony, and by the use of ordinary diligence could not obtain said facts.   The motion was overruled, and exception was taken.

REESE & COBB and O. J. WALKER, by brief, for plaintiff in error.

T. A. ATKINSON, solicitor-general, by brief, for the State.

BLANDFORD, Justice.

The plaintiff in error was indicted for the offence of burglary, was found guilty by the jury and sentenced by the court below.   He made a motion for a new trial, which was refused by the court, and he excepted.

1. As to the general grounds of the motion for a new trial, that the verdict is contrary to law and the evidence, we need only say that we have examined the testimony in the case, and that the verdict is in accordance with law and is supported by the evidence, as will be seen by reference to the report of the facts.

2. The only additional ground was the newly discovered evidence of one Sallie Elder, which, if adduced on the trial, would have been very material for the defendant, inasmuch as her affidavit shows that he was at Tallapoosa, Georgia, some twenty miles from Carrollton, the scene of the burglary, at the time it was alleged to have been committed.   The defendant, if he was in Tallapoosa at the time the burglary was committed in

Carrollton, certainly knew it at the time of the trial, and knew at whose ·house he was stopping, and the slightest diligence on his part or that of his counsel might have procured the testimony of this witness. If he had been as diligent before his trial as he was afterwards, he would have had no right to complain of the absence of this witness who turned up so soon after the trial. It is very clear that there was want of diligence in procuring her testimony. We think the court was right to refuse a new trial. *Judgment affirmed.*